**Javier Antonio Cifuentes SOSA, aka Javier Tony Cifuentes, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 14-70844**

United States Court of Appeals, Ninth Circuit.

Submitted December 14, 2016 *

Filed December 23, 2016

Jose Ivan Vargas, Esquire, Attorney, Law Office of Ivan Vargas, Panorama City, CA, for Petitioner

Javier Antonio Cifuentes Sosa, Pro Se

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P, 34(a)(2).

Christina J. Martin, Esquire, Trial Attorney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

Javier Antonio Cifuentes Sosa, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo questions of law. *Hernandez v. Mukasey*, 524 F.3d 1014, 1017 (9th Cir. 2008). We deny the petition for review.

The BIA did not abuse its discretion in denying Cifuentes Sosa's motion to reopen, where he did not provide evidence of the reason why his convictions were vacated. *See INS v. Abudu*, 485 U.S. 94, 108 S.Ct. 904, 99 L.Ed.2d 90. (1988) (BIA may deny a motion to reopen for failure to show prima facie eligibility for the relief sought); *Poblete Mendoza v. Holder*, 606 F.3d 1137, 1141 (9th Cir. 2010) ("A conviction vacated for reasons 'unrelated to the merits of the underlying criminal proceedings' may be used as a conviction in removal proceedings whereas a conviction vacated because of a procedural or substantive defect in the criminal proceedings may not." (internal citation omitted)).

Contrary to Cifuentes Sosa's contentions, the BIA did not ignore or misapply

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

relevant precedent, place an improper burden of proof on him, or improperly analyze evidence of Cifuentes Sosa's state court proceedings. Cifuentes Sosa's reliance on law concerning the government's burden to establish removability is misplaced.

**PETITION FOR REVIEW DENIED.**